BARNETT *v.* GLOVER.

Opinion delivered April 4, 1910.

CONTRACTS—IMPOSSIBILITY OF PERFORMANCE.—Amendment No. 10 to the State Constitution, which was proposed by the Legislature of 1907 to be voted on in 1908, provided that in certain cases bonds could be issued by cities and towns, but that they should not bear a greater rate than five per cent. per annum, and that a special tax not to exceed three mills might be levied. Plaintiff's complaint alleged that he and defendant agreed that if plaintiff would demonstrate that if this amendment was adopted bonds bearing five per cent. interest would mature in one hundred years, bonds bearing four per cent. would mature in fifty years, bonds bearing three per cent. would mature in thirty-three and one-third years, and bonds bearing two per cent. would mature in twenty-five years, defendant would pay plaintiff $500, and that plaintiff had performed the contract. *Held* that the complaint failed to state a cause of action, as the problem was impossible of solution.

Appeal from Hot Spring Circuit Court; *W. H Evans,* Judge; affirmed.

*W. T. Tucker,* for appellant.

Any benefit accruing to him who makes the promise, or any trouble, loss, or disadvantage undergone by the other, is a sufficient consideration to sustain a promise. 24 Ark. 201; 1 Ark. 229; 21 Ark. 20; 22 N. H. 248; 5 Pick. 384; 21 Wend. 588; 2 Hill 606; 33 Ark. 97.

*E. H. Vance, Jr.,* for appellee.

McCulloch, C. J. The circuit court sustained a demurrer to the following complaint, and the plaintiff appealed:

"Comes the plaintiff, Horatio Barnett, and for his cause of action against the defendant, D. D. Glover, complains and alleges that on the 5th day of March, 1908, the plaintiff and defendant made a verbal contract whereby the plaintiff agreed to produce the figures so arranged that it would show that if Amendment No. 10 was adopted, and bonds issued bearing five per cent. interest, they would mature and pay out in one hundred years, and bonds issued bearing four per cent. interest would mature and pay out in fifty years, and bonds issued bearing three per cent. interest would mature and pay out in thirty-three and one-third years, and bonds bearing two per cent. interest would mature and pay out in twenty-five years, for the benefit of the defendant, D. D. Glover; and for producing the figures so arranged as to show the arithmetic proposition the said D. D. Glover agreed to pay the plaintiff the sum of five hundred dollars. That the plaintiff performed the contract upon his part by producing the figures so arranged as to show the maturity of the bonds, as heretofore alleged. That the agreement was to pay the five hundred dollars promised to be paid when the work was accomplished, which was on the 6th day of August, 1908; and, it not being paid as promised and agreed, the plaintiff on the 5th day of September, 1908, drew on the defendant for the same, and defendant let it go to protest, and the protest fees were $2.65."

Amendment No. 10 mentioned in the complaint manifestly refers to an amendment to the Constitution of the State which was proposed by the General Assembly of 1907, to be voted on at the election held in September, 1908, and the same reads as follows:

"Neither the State nor any city, county, town or other

municipality in this State shall ever loan its credit for any purpose whatever, nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for the construction and maintenance of public highways in counties, cities and towns, and the construction, purchase and maintenance of public improvements of a general nature in cities and towns. Provided, that bonds or evidences of indebtedness shall not be issued for an amount more than ten per cent. of the assessed valuation of all real and personal property in city town or county proposing to issue same. Such bonds shall not bear a greater rate of interest than five per cent. per annum, and, in order to provide for the payment of such bonds and interest, a special tax not to exceed three mills on the dollar, in addition to the rate of taxation now authorized, may be levied by said counties, cities and towns. And the State shall never issue any interest-bearing treasury warrants or scrip."

The proposition stated in the complaint, aside from its novelty, is incomplete on its face and impossible of solution. The proposed amendment did not fix the amount of bonds to be issued nor the rate of tax levy to pay them. Only the maximum was stated, and either could have been less than the maximum. The omission of the amount of the bonds to be issued, the amount of the assessed valuation of property and the rate of taxation is fatal to the solution of the proposition. We cannot assume that a bond issue up to the maximum amount, and a tax levy up to the maximum rate, was intended. If the agreement to solve the proposition be a valid contract in other respects, we know judicially that the plaintiff did not and cannot perform it. Therefore, the complaint stated no cause of action. The plaintiff may as well have alleged that he undertook for a valuable consideration to fly to the moon and did so.

Affirmed.